# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

DEAN BENTER,                                        Civil No. 14-362 (JRT/LIB)

                           Plaintiff,

                                        **MEMORANDUM OPINION**
v.                                      **AND ORDER ADOPTING REPORT**
                                        **AND RECOMMENDATION OF**
MARTIN COUNTY HUMAN                     **MAGISTRATE JUDGE**
SERVICES and SHEILA DENTON,

                           Defendants.

---

Dean Benter, General Delivery, Warroad, MN 56763, *pro se.*

Before the Court are Plaintiff Dean Benter's objections to a May 8, 2014 Report and Recommendation ("R&R") of Magistrate Judge Leo I. Brisbois, recommending that Benter's complaint be dismissed without prejudice for failure to comply with deadlines for amendment of his complaint and for failure to prosecute. Having conducted a *de novo* review of the portions of the R&R to which Benter objects, *see* 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b), the Court will overrule Benter's objections and adopt the R&R because Benter's complaint fails to state a claim and Benter has failed to address the deficiencies in his complaint as ordered by the Court.

## BACKGROUND

Benter filed a complaint under 42 U.S.C. § 1983 against Sheila Denton and Martin County Human Services ("the County"), alleging that Denton and others at the County

refused to speak with him about his public benefits and that after leaving the office he was arrested on charges "of being disorderly in public" and spent forty-five days in jail. (Compl. at 2, Feb. 10, 2014, Docket No. 1.)[1]   Benter alleges that as a result of his incarceration – on misdemeanor charges which were ultimately dismissed – he lost several benefits and his housing and incurred a $1,400 bill for his stay at the County jail. (*Id.*)  Benter applied to proceed In Forma Pauperis ("IFP") (Application to Proceed IFP, Feb. 10, 2014, Docket No. 2), and the Magistrate Judge declined to grant him IFP status, reasoning that Benter's complaint failed to allege how any actions taken by Defendants violated any of his constitutional rights and therefore failed to "state an actionable § 1983 claim" (Order at 2-3, Mar. 6, 2014, Docket No. 3).   The Order gave Benter until March 31, 2014, to file an amended complaint that would "plead an actionable § 1983 claim."  (*Id.* at 3-4.)  The Order noted that an "amended complaint must clearly explain what, specifically, each individual Defendant actually did (or failed to do) that allegedly violated Plaintiff's federal constitutional rights."  (*Id.* at 4 (emphases omitted).)  Finally, the Order indicated that "[i]f Plaintiff does not file an amended complaint that satisfies all of these conditions within the time allowed, the Court will recommend that this case be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b)."  (*Id.*)

On April 3, 2014, the Magistrate Judge received a letter from Benter dated March 28, 2014, seeking an extension of the deadline for filing an amended complaint, and requesting that if Benter was unsuccessful in his attempt to obtain counsel "that the court[] appoint Plaintiff with counsel."  (Letter to Magistrate Judge, Apr. 3, 2014, Docket

---

[1]  All page number references are to the CMECF pagination.

No. 4.)  The Magistrate Judge accordingly extended the deadline for filing an amended complaint to April 30, 2014.  (Order, Apr. 7, 2014, Docket No. 5.)  In issuing the extension, the Magistrate Judge ordered that Benter "must fully comply with all of the requirements of this Order by no later than April 30, 2014, failing which the Court will recommend that this action be dismissed without prejudice.  No further extensions will be granted."  (*Id.* at 2.)  The Magistrate Judge also concluded that "neither the facts nor the legal issues raised in Plaintiff's Complaint . . . are so complex as to warrant appointment of counsel," and denied the request in Benter's letter to the extent it could be construed as a motion for the appointment of counsel.  (*Id.*)

By May 8, 2014, Benter had not filed an amended complaint, and the Magistrate Judge issued an R&R, "upon a routine supervision of cases that pend before the Court," recommending that the Court dismiss Benter's claims without prejudice because he missed both the initial complaint amendment deadline and the extension of that deadline, despite the Court's explicit warning.  (R&R at 1-2, May 8, 2014, Docket No. 6.)  On May 8, 2014, a letter submitted by Benter was filed, and the Court has construed this letter as raising objections to the R&R.

## ANALYSIS

## I.    STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b).  "The district

judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

## II.    BENTER'S OBJECTIONS

Benter's objections fall into three main categories. First, Benter appears to object to the R&R's conclusion that his complaint be dismissed, to the extent that conclusion is based upon the complaint's failure to state a claim against Denton and the County, arguing that his complaint "clearly listed what Defendant[]s did, or failed to do, which resulted in harm to Plaintiff." (Objections ¶ 2, May 8, 2014, Docket No. 7; *see also id.* ¶¶ 1, 3, 15.) Second, Benter objects to the R&R to the extent that it requires him to file an amended complaint but has failed to provide him with advice about how to amend his complaint to properly state a § 1983 claim. (*Id.* at 2 & ¶¶ 10-12.) Finally, Benter requests that the Court allow him sufficient time to seek assistance from someone to help him prepare and file a proper amended complaint. (*Id.* at 2.)

With respect to the first objection, the Court will affirm the Magistrate Judge's determination that Benter's original complaint fails to state an actionable claim for relief. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . . ." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). Benter alleges that Denton and others at the County refused to speak to Benter about a letter he received related to his benefits. These facts, without more, are not sufficient to allege that Defendants violated the Federal Constitution in their dealings with Benter. In his

objections, Benter explains that his complaint "clearly state[s]" that "[h]e was arrested, and confined to jail, for 45 days," that because of this confinement "he lost all of his 'Disability Payments/Income,'" that the state charges were eventually dismissed, and that "[a]s a result of 'dismissal of said charges'" Benter "is seeking damages, both punitive, and monetary."  (Objections ¶ 15.)  But Benter has not explained in his original complaint how the named Defendants – Denton and the County – had anything to do with his arrest and confinement, the concomitant loss of his benefits, or the dismissal of his charges, and therefore could be liable for the damages he seeks.

Although the Court must "view pro se pleadings liberally," the complaint must still "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  In other words, even if a complaint "is not pleaded with legal nicety" the Court will "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework," but can only provide a liberal construction based on the discernable allegations provided by the *pro se* plaintiff.  *Jackson v. Nixon*, 747 F.3d 537, 544 (8th Cir. 2014) (internal quotation marks omitted).  Here, even providing Benter's complaint a liberal construction, there are no allegations against the Defendants Benter has chosen to sue which the Court can construe as entitling him to his requested relief.  Accordingly, the Court will overrule Benter's objections to the R&R to the extent they object to the Magistrate Judge's conclusion that Benter's current complaint fails to state a claim.

As for Benter's objection that the Court has failed to provide him with information regarding "exactly" how he should amend his complaint to state a claim (Objections at 2)

the Court notes that in its role as an arbiter of disputes it is not allowed to provide legal advice to any party. *See Stockdale v. Stockdale*, Civ. No. 08-1773, 2009 WL 4030758, at *2 (E.D. Mo. Nov. 18, 2009) (noting that "[t]he Court cannot provide legal advice to any party"); *Dan v. Douglas Cnty. Dep't of Corrections*, Civ. No. 06-714, 2008 WL 4540166, at *2 (D. Neb. Oct. 7, 2008) (denying plaintiff's request for assistance from the court in preparing an amended complaint because "the court cannot give legal advice to Plaintiff"). Moreover, the Court is not privy to the events described in Benter's complaint, and therefore, even if it were allowed to advise Benter how to amend his complaint, cannot explain how the existing Defendants are responsible for violations of Benter's constitutional rights. Accordingly, the Court will overrule Benter's objections to the extent they are based on the Court's refusal to advise Benter how to amend his complaint, other than to alert him that any complaint must allege how the named Defendants violated his constitutional rights.

Finally, Benter's last objection – that the Court allow him sufficient time to seek assistance from someone to help him prepare and file a proper amended complaint – is not precluded by the Court's adoption of the R&R. The Court will dismiss Benter's complaint, but will do so without prejudice, which will not prevent him from filing another complaint after he has sought the assistance he believes he requires. The Magistrate Judge provided Benter with two opportunities – and over two months – to file an amended complaint. Benter has not complied with the Court's Orders, despite the warning that failure to comply would result in dismissal of his case. Nor has Benter, at the date of filing of this Order, provided the Court with an amended complaint that cures

the deficiencies identified in his original complaint.  Accordingly, the Court will overrule

Benter's objections and decline to afford him more time to amend the instant complaint,

and instead will adopt the R&R's recommendation of dismissal without prejudice.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the

Court **OVERRULES** Plaintiff's objections [Docket No. 7] and **ADOPTS** the Report and

Recommendation dated May 8, 2014 [Docket No. 6].   Accordingly, **IT IS HEREBY**

**ORDERED** that:

1.      This action is **DISMISSED without prejudice** for failure to comply with

the Court's Orders [Docket Nos. 3 and 5] and for failure to prosecute.

2.      Plaintiff's Application to Proceed In Forma Pauperis [Docket No. 2] is

**DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED:  October 15, 2014                     _____ s/ John n. Tunheim _____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                           United States District Judge